UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nicole A. Foster,                                                         Civil No. 05-1391 (PAM/JSM)

                Plaintiff,

v.                                                                 **MEMORANDUM AND ORDER**

Air Wisconsin Airlines Corporation,

                Defendant.

This matter is before the Court on Defendant Air Wisconsin Airlines Corporation's Motion to Dismiss for Lack of Jurisdiction or, in the Alternative, to Transfer Venue to the Eastern District of Wisconsin. For the reasons that follow, the Motion is denied as to dismissal but granted as to transfer.

**BACKGROUND**

This is an employment discrimination case. Plaintiff Nicole A. Foster is a Minnesota resident and an airline pilot. Defendant Air Wisconsin Airlines Corporation ("AWAC") is located in Appleton, Wisconsin. In June 2004, Foster completed a one-month certification program in Colorado, and she applied for a position with AWAC the next month. AWAC interviewed Foster and all of the other program participants, but AWAC did not hire her. Foster alleges that all three male applicants in her interview group were hired even though they had less flight experience than she did, and one male also lacked a college education. Foster brings her employment discrimination claim pursuant to Title VII, 42 U.S.C. § 2000e et. seq.,

and the Minnesota Human Rights Act., Minn. Stat. § 363A.08. She filed her Complaint in Hennepin County District Court, and AWAC removed the case to this Court.

AWAC has brought a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. In the alternative, AWAC asks the Court to transfer venue to Wisconsin under 28 U.S.C. § 1404(a).

**DISCUSSION**

**A.    Personal Jurisdiction**

On the Motion to Dismiss, the Court takes all facts alleged in the Complaint as true. Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). The Court must construe the allegations in the Complaint and reasonable inferences arising from the Complaint favorably to Foster. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), however, Foster must come forth with some evidence supporting jurisdiction. Mountaire Feeds, Inc. v. Agro Impex, S. A., 677 F.2d 651, 653 (8th Cir. 1982).

AWAC challenges Foster's assertion that the Court has personal jurisdiction over it. However, AWAC has acknowledged that it has designated an agent for service of process in Minnesota. Maintaining a registered agent for service of process in Minnesota operates as a consent to jurisdiction here. Knowlton v. Allied Van Lines, Inc., 900 F.2d 1196, 1199 (8th Cir. 1990) ("One of the most solidly established ways of giving such consent [to jurisdiction] is to designate an agent for service of process within the State."). The consent to jurisdiction applies to "any cause of action, whether or not arising out of activities within the state." Id. at

1200. When there is jurisdiction based on consent, "resort to minimum-contacts or due-process analysis to justify the jurisdiction is unnecessary." Id. (citing Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982)).

AWAC attempts to distinguish Knowlton and a subsequent Eighth Circuit case, Sondergard v. Miles, Inc., 985 F.2d 1389 (8th Cir. 1993), which applied Knowlton to South Dakota's registered agent statute, on their facts. However, any factual distinctions are irrelevant because Knowlton did not limit its holding to the facts of that case. Moreover Knowlton unequivocally held that when jurisdiction is based on consent, a court need not engage in a factual analysis of minimum contacts or due process. 900 F.2d at 1200. Finally, Knowlton described the consent to jurisdiction as "general" and held that the consent applied even to causes of action not arising from activities within the state. Id.

Because AWAC maintains a registered agent for service of process in Minnesota, it has consented to jurisdiction here. AWAC's motion to dismiss for lack of personal jurisdiction is accordingly denied.

**B.     Transfer of Venue**

AWAC and Foster do not agree on the applicable venue statute. AWAC contends that Title VII's venue provision, 42 U.S.C. § 2000e-5(f)(3), applies. Foster argues that 28 U.S.C. § 1441(a) applies. The Court need not decide which statute applies, however, because the parties agree that 28 U.S.C. § 1404(a) is the appropriate statute under which to analyze whether venue should be transferred.

Title 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The party seeking a transfer bears the "heavy" burden to establish that the balance of factors "strongly favors the movant." United Mortgage Corp. v. Plaza Mortgage Corp., 853 F. Supp. 311, 315 (D. Minn. 1994) (Doty, J.) (emphasis omitted). Transfers under § 1404(a) "should not be freely granted," id., and there is a presumption in favor of the plaintiff's forum choice. Christensen Hatch Farms, Inc. v. Peavey Co., 505 F. Supp. 903, 911 (D. Minn. 1981) (Renner, J.).

In this case, the factors weigh heavily in favor of transferring the action to Wisconsin. AWAC's principal place of business is in Wisconsin. Foster applied and interviewed for employment in Wisconsin. The alleged discriminatory acts occurred in Wisconsin, and the relevant employment records are located there. Most of AWAC's employees, including those involved in the hiring decision, reside in Wisconsin. If Foster had been hired, she would have reported for work in Wisconsin. Although AWAC flies to the Minneapolis-St. Paul airport three times a day, the flights are made pursuant to a contract between United Airlines and AWAC and are flown under the United brand. Further, AWAC does not fly to Minnesota from Wisconsin. AWAC's Minnesota flights are to and from Colorado and Virginia, which undermines Foster's argument that witnesses and documents could be easily transported here from Wisconsin. Moreover, AWAC's Minnesota flights will cease in January 2006. AWAC has no employees, offices, or assets in Minnesota. The only factors in favor of retaining the case in Minnesota are that Foster is a Minnesota resident, and she chose this forum. These

factors are more than adequately rebutted by the facts favoring transfer. Additionally, the Court notes that Foster resides close to the Minnesota/Wisconsin border, and she readily traveled to Wisconsin to test and be interviewed for the job. In sum, the balance of factors in this case strongly favors AWAC. Thus, this case is transferred to the Eastern District of Wisconsin.

**CONCLUSION**

AWAC has designated an agent for service of process in Minnesota. Thus, it has consented to personal jurisdiction here, and its request for dismissal based on lack of jurisdiction is denied. Considering the convenience of witnesses and parties and in the interest of justice, however, this case must be transferred to Wisconsin. Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that AWAC's Motion to Dismiss for Lack of Jurisdiction or, in the Alternative, to Transfer Venue to the Eastern District of Wisconsin (Clerk Doc. No. 4) is **DENIED** as to dismissal and **GRANTED** as to transferring venue to the Eastern District of Wisconsin. The Clerk of

Court is directed to transfer this case and file to the Clerk of Court of the United States District Court for the Eastern District of Wisconsin.

Dated: <u>November 7, 2005</u>

                                                <u>s/ Paul A. Magnuson</u>
                                                Paul A. Magnuson
                                                United States District Court Judge